AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
MAR 2 2 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | ) |
| Subject Devices Located at Homeland Security Investigations, Norfolk Office | ) ) ) ) ) ) ) Case No. 2:24sw 51 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **See Attachment A.**

located in the Eastern District of Virginia, there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description |
|---|---|
| 18 U.S.C. § 1466A(b) | Obscene visual representations of the sexual abuse of children |
| 18 U.S.C. § 2252(a)(2) | Receipt of child pornography |
| 18 U.S.C. § 2252(a)(4) | Possession of child pornography |

The application is based on these facts: **See Affidavit.**

☒ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

REVIEWED AND APPROVED:

Date: March 22, 2024

_____
Assistant United States Attorney

_____
Applicant's signature

Kristen Brewer, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: March 22, 2024

_____
Judge's signature

City and state: Norfolk, Virginia

Robert J. Krask, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SUBJECT DEVICES LOCATED AT HOMELAND SECURITY INVESTIGATIONS, NORFOLK OFFICE | Case No. 2:24-SW-51<br><br>Filed Under Seal |

I, Special Agent Kristen Brewer, being first duly sworn state:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with Homeland Security Investigations (HSI), currently assigned to the Assistant Special Agent in Charge in Norfolk, Virginia. I have been a Special Agent (SA) for HSI since May 2011. During this time frame, I have conducted narcotics smuggling, alien smuggling, immigration, firearms smuggling, human trafficking, and child exploitation-related investigations.

2. The child exploitation investigations have included violations pertaining to the illegal production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of search warrants, which involved child exploitation and/or child pornography offenses.

3. I attended and completed the Criminal Investigator Training Program through the Federal Law Enforcement Training Center and the ICE Special Agent Training. I have a Bachelor of Arts in Political Science with a minor in History from Rutgers University. Prior to becoming a special agent, from approximately 2008 to 2010, I was a senior analyst for the National Center

for Missing and Exploited Children ("NCMEC") Child Victim Identification Program. During this time, I was assigned to assist law enforcement in child sexual exploitation investigations.

4. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

5. The information set forth in this affidavit is known to me as a result of an investigation personally conducted by me and other law enforcement agents. Thus, the statements in this affidavit are based in part on information provided by other investigators employed by federal or state governments.

6. I submit this affidavit in support of an application for a search warrant authorizing the search of certain electronic media seized by the U.S. Probation Office on Thursday, March 7, 2024, from the residence of Richard Midgett (the SUBJECT DEVICES) for contraband and evidence, fruits, and instrumentalities of violations of Title 18, United States Code, § 1466A(b) – Obscene visual representations of the sexual abuse of children, Title 18, U.S.C. 2252(a)(2) – Receipt of Child Pornography and Attempted Receipt of Child Pornography, and Title 18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography and Attempted Possession of Child Pornography, as described in Attachments A and B hereto. Namely, the SUBJECT DEVICES are:

   a. Black Amazon Streaming Device "Cube" (Model #: EX69VW)

   b. Amazon Fire Streaming Stick (Model #: S3L46N)

   c. Dell laptop computer (Serial Number: 464593AC-3866-414F-8107-97DE8D1-59DC1)

7. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set

forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## PERTINENT FEDERAL CRIMINAL STATUTES

8. Title 18, United States Code, § 1466A(b) makes it a crime for a person, under certain circumstances, to knowingly possess a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting that depicts a minor engaging in sexually explicit conduct and is obscene, or depicts an image that is, or appears to be, of a minor engaging in graphic bestiality, sadistic or masochistic abuse, or sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; and lacks serious literary, artistic, political, or scientific value. Circumstances include, but are not limited to, any communication involved in or made in furtherance of the offense is communicated or transported by the mail, or in interstate or foreign commerce by any means, including by computer, or any means or instrumentality of interstate or foreign commerce is otherwise used in committing or in furtherance of the commission of the offense.

9. Title 18, United States Code, § 2252(a)(2) makes it a crime to knowingly receive or distribute any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or

foreign commerce or through the mails, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct.

10. Title 18, United States Code, § 2252(a)(4)(B) makes it a crime to knowingly possess or access with intent to view, one or more books, magazines, periodicals, films, or other materials which contain visual depictions of minors engaged in sexually explicit conduct that have been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed, shipped or transported, by any means including by computer.

## DEFINITIONS

8. "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors engaging in sexually explicit conduct.

9. "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

10. "Computer hardware," as used herein, consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices);

4

peripheral input/output devices (including keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including physical keys and locks).

11. "File Transfer Protocol" (FTP), as used herein, is a standard network protocol used to transfer computer files from one host to another over a computer network, such as the Internet. FTP is built on client-server architecture and uses separate control and data connections between the client and the server.

12. The "Internet," as used herein, is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

13. "Computer passwords and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates what might be termed a digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

14. "Computer server" or "server," as used herein, is a computer that is attached to a dedicated network and serves many users. A web server, for example, is a computer which hosts the data associated with a website. That web server receives requests from a user and delivers information from the server to the user's computer via the Internet.

15. "Electronic storage" means (a) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof, and (b) any storage of such communication by an electronic communication service for purposes of backup protection of such communication. 18 U.S.C. § 2510(17).

16. The term "computer," as used herein, is defined pursuant to 18 U.S.C. § 1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

17. The terms "records," "documents," and "materials" include all information recorded in any form, including the originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, including, but not limited to the following:

> Graphic records or representations, photographs, pictures, images, and aural records or representations.

18. The terms "minor" and "sexually explicit conduct" are defined in 18 U.S.C. §§ 2256(1) and (2). A "minor" is defined as "any person under the age of eighteen years." The term "sexually explicit conduct" means actual or simulated:

    i. Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

    ii. Bestiality;

6

      iii.    Masturbation;

      iv.    Sadistic or masochistic abuse; or

      v.    Lascivious exhibition of the genitals or pubic area of any person.

19. The term "Internet Protocol Address" ("IP Address") refers to the fact that every computer or device on the Internet is referenced by a unique Internet Protocol address the same way every telephone has a unique telephone number. An example of an IP Address is 192.168.10.102. Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP Address. There are two types of IP Addresses, static and dynamic. A static address is permanent and never changes, such as ones used in cable modems. The dynamic address changes almost every time the computer connects to the Internet.

20. "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

21. "Website," as used herein, consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

22. The term "Internet Service Provider" (ISPs) refers to the fact that individuals who have an Internet account and an Internet-based electronic mail (email) address must have a subscription, membership, or affiliation with an organization or commercial service that provides access to the Internet. A provider of Internet access and services is referred to as an Internet Service Provider or "ISP."

23. "Electronic Communication Service" refers to any service which provides to users thereof the ability to send or receive wire or electronic communications. 18 U.S.C. § 2510(15).

## STATEMENT OF PROBABLE CAUSE

24. In 2016, Richard Midgett was convicted of one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), by the United States District Court for the Eastern District of Virginia, Norfolk Division. *United States v. Midgett*, 2:15-CR-114, ("2016 Conviction"), ECF No. 30. On February 8, 2016, he was sentenced to 99 months' followed by a life term of supervised release. *See* ECF Nos. 28-30. He was released from the Bureau of Prisons on September 9, 2022, and began his term of life of supervised release.

25. The defendant is currently subject to Special Condition #10, which states that "Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court with or without a warrant." ECF No. 30 at 3.

26. On February 7, 2024, the Court approved a Probation Office search of Midgett's residence located at 2936 Elegance Lane in Virginia Beach, VA 23456.

27. On March 7, 2024, U.S. Probation Officers Hall and Lang conducted a home inspection for a personal contact to ensure that there were no safety concerns and to assess in plain view if any additional unapproved and/or undisclosed internet or computer devices were present in plain view. During this initial walkthrough and inspection, undisclosed and unapproved

8

internet devices were identified in plain view, specifically a Black Amazon Streaming Device "Cube" and "Amazon Fire Streaming Stick".

28. After completing a home inspection, Officer Hall advised Midgett that the Probation Office has established reasonable suspicion to conduct a search, pursuant to Special Condition #10, and a Search & Seizure team would enter the residence and conduct a search. Midgett denied any unapproved or undisclosed computer/internet devices.

29. Officer Hall turned on the "Amazon Fire Stream Stick" that was connected to a Vizio TV in the garage. Upon opening the browser function, on the "Amazon Fire Streaming Stick" connected to the Vizio TV, Officer Hall observed under the tab labeled "My Stuff," various websites including one named "shotas.co". This website was labeled as "Last Visited" and "Most Visited".

30. Officer Hall investigated these websites further and clicked on the "shotas.co" website link, which resulted in a home page of shotas.co with description "ONLYHOT" and "The Best YADI Shotta 3d Hentai." On the home page of "shotas.co," there was a sexually explicit photo of two young males (not readily identifiable themselves as minors) engaging in anal sex. The description below the photograph states: "This pack contains 1 comix and various illustrated stories by Dirtysem. In this set we'll se his earliest works from sweet love stories with boys to hardcore fucking, bondage and rape: two boys were playing..."

31. Another image was viewed with the title: "I Love You, Daddy Vol.3," and a description under the title stating: "Cute little boy spies on daddy when he's in the bathroom then sneaks into shower and starts sucking daddy's big dick making him very horny...and playful! O yeah, he loves his daddy so much! Also, don't miss…" The photograph appears to be a digitally-

9

created image of a minor child (prepubescent olive-skinned child boy with short dark hair) performing oral sex on a large erect penis.

32. As stated, Officer Hall turned on the "Amazon Fire Stream Stick" that was connected to a Vizio TV in the garage. On the Black Amazon Streaming Device "Cube", which was located on the second floor living room, by clicking media, sexually explicit videos of males engaging in anal sex appeared along with other sexually explicit videos. Due to prior discoveries of sexually explicit content, including minors, on the "Amazon Fire Streaming Stick", this device was seized, and photographs were taken of sexually explicit content on this device.

33. The identification of the unapproved access of the devices—the Black Amazon Streaming Device "Cube" and the "Amazon Fire Streaming Stick"—and the use of them to access sexually explicit pictures identified, constituted a violation of Midgett's supervision. Due to this, further assessment of the SmartTV in first floor living room was conducted to determine if the internet-capable device had connected to the internet and if there were any additional violations.

34. Upon accessing the SmartTV browser under the profile/email address of rick.midgett@gmail.com, a "most visited" tab was observed with various websites including what appeared to be Russian websites with descriptions such as "family nudism," and "candid family."

35. Additionally, the Probation Office located a Dell laptop in the residence belonging to Midgett.

36. The Probation Office seized the SUBJECT DEVICES. All of the SUBJECT DEVICES were internet capable and manufactured outside of Virginia.

37. All internet-capable devices required preapproval by the Probation Office. *See* Special Condition No. 11, 2:15-cr-114, ECF No. 30 at 5.

38. Midgett admitted to Officer Hall that Midgett searched for sexually explicit content involving children approximately one month ago.

## **CONCLUSION**

34. Based on the foregoing, I submit there is probable cause to believe that the federal criminal statutes cited herein, 18 U.S.C. §1466A(b), 18 U.S.C. § 2252(a)(2), and 18 U.S.C. § 2252(a)(4), have been violated, and that contraband, property, evidence, fruits, and instrumentalities of these offenses, more fully described in Attachment B, will be found at the SUBJECT DEVICES described in Attachment A.

35. I therefore respectfully request that this Court issue a search warrant for the SUBJECT DEVICES described in Attachment A, authorizing the seizure and search of the items described in Attachment B.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
Kristen Brewer
HSI Special Agent
Norfolk, VA

Subscribed and sworn before me on this 22nd day of March, 2024, in the City of Norfolk, Virginia.

*[signature]*
United States Magistrate Judge

## ATTACHMENT A
## ITEMS TO BE SEIZED AND SEARCHED

Items presently located at: United States Probation Office, 600 Granby Street, Floor 2, Norfolk, VA 23510

    a.    Black Amazon Streaming Device "Cube" (Model #: EX69VW)

    b.    Amazon Fire Streaming Stick (Model #: S3L46N)

    c.    Dell laptop computer (Serial Number: 464593AC-3866-414F-8107-97DE8D1-59DC1)

## ATTACHMENT B

## Items to be Searched For, Seized, and Examined

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § 1466A(b) – Obscene Visual Representations of the Sexual Abuse of Children, 18 U.S.C. § 2252(a)(2) – Receipt and Distribution of Child Pornography, and 18 U.S.C. § 2252(a)(4)(B) – Possession of or Accessing with Intent to View Child Pornography, collectively referred to as the "**Target Offenses**," including:

All records, documents, or materials, including correspondence, that pertain to the identification of the residents of the property and the users of electronic media during the relevant time period.

1. Any records, documents, or materials, including encryption codes, encryption links, or passcodes related to the online storage or cloud-based accounts.

2. Any records, documents, or materials, including any correspondence, that involve any communication with any person who is or appears to be under the age of 18, that are sexual in nature or that discuss the production or transmission of sexually explicit images of a minor;

3. Any records, documents, or materials, including correspondence, that pertain to the production, transportation, distribution, receipt, or possession of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4. All originals and copies (physical or digital) of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

5. Any motion pictures or digital video clips of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; video recordings which are self-produced and pertain to sexually explicit images of minors; or video recordings of minors which may assist in the location of minor victims of child exploitation or child abuse;

6. Any records, documents, or materials which include offers to transmit, through interstate commerce by any means (including by computer), any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

7. Any records, documents, or materials relating to the production, reproduction, receipt, shipment, trade, purchase, or a transaction of any kind involving the transmission, through interstate commerce (including by computer), of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

8. Any records, documents, or materials naming or identifying minors visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

9. Any records of Internet usage, including records containing screen names, usernames, and e-mail addresses, and identities assumed for the purposes of communication on the Internet. These records include billing and subscriber records, chat room logs, e-mail messages, and include electronic files in a computer and on other data storage media, including CDs or DVDs;

10. Any records, documents, or materials referring or pertaining to communications with others, whether in person, by telephone, or online, for the purpose of distributing or transporting child pornography, including chat logs, call logs, address book or contact list entries, and digital images or videos sent or received; and Information or evidence

15

of any websites visited, photographs, videos, images, reports, definitions, stories, books, music, lyrics, emails, videos, messages, and or notes associated with child pornography or those who collect, disseminate, or trade in child pornography. As used above, the terms records, documents, programs, applications or materials includes records, documents, programs, applications or materials created, modified or stored in any form including digital or electronic form.